UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:22-cv-56-MOC

| | |
|---|---|
| **CHRISTA ANN BALDWIN,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| Vs. | ) ORDER |
| | ) |
| **KILOLO KIJAKAZI,** | ) |
| **Acting Commissioner of Social Security**, | ) |
| | ) |
| Defendant. | ) |

**THIS MATTER** is before the Court on Plaintiff Christa Ann Baldwin's Motion for Summary Judgment (Doc. No. 10), and Defendant Commissioner's Motion for Summary Judgment (Doc. No. 15). Plaintiff, pursuant to 42 U.S.C. § 405(g), seeks judicial review of Defendant's final decision that Plaintiff was not disabled within the meaning of Title II of the Social Security Act ("Act").

For the reasons set forth below, Plaintiff's Motion for Summary Judgment is **GRANTED**, Defendant's Motion for Summary Judgment is **DENIED**, and this matter is **REVERSED** and **REMANDED** for further proceedings consistent with this Order.

I.   ADMINISTRATIVE HISTORY

On September 25, 2017, Plaintiff filed a claim for a period of disability and disability insurance benefits under Title II of the Act, alleging disability since June 1, 2017. (Administrative Transcript ("Tr.") 131, 315). Plaintiff's claim was initially denied. (Tr. 183). Plaintiff appealed the decision through the administrative stages of the Social Security system, until, eventually, Plaintiff and her attorney representative appeared before an Administrative Law Judge ("ALJ"), along with an impartial vocational expert, on August 5, 2019. (Tr. 33–68).

The ALJ denied Ms. Baldwin's claim for disability benefits, in a decision dated August 28, 2019. (Tr. 153–73).

However, the Social Security's Appeals Council vacated the ALJ's August 28, 2019 decision and remanded Plaintiff's claim for another hearing. (Tr. 175). The ALJ held the remand hearing on March 11, 2021, at which Plaintiff, an attorney representative, and an impartial vocational expert once again appeared. (Tr. 69–110). The ALJ once again decided that Plaintiff was not disabled within the meaning of the Act from June 1, 2017, Plaintiff's alleged disability onset date, through May 25, 2021, the date of the ALJ's decision. (Tr. 10–32). On December 7, 2021, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision Defendant's final administrative decision on Plaintiff's claim. (Tr. 1).

Having exhausted her administrative remedies, Plaintiff commenced this action under 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision. The Commissioner has answered Plaintiff's complaint, and this case is now before the Court for disposition of the parties' cross-motions for summary judgment.

## II. FACTUAL BACKGROUND

Plaintiff suffers from–among other ailments –morbid obesity, status-post gastric bypass surgery, small fiber neuropathy, fibromyalgia, and chronic fatigue syndrome. On September 25, 2017, Plaintiff filed a claim for a period of disability and disability insurance benefits under Title II of the Act, alleging disability since June 1, 2017. (Tr. 131, 315).

The ALJ followed the five-step sequential evaluation used by the Social Security Administration in his analysis of Plaintiff's alleged disability. See 20 C.F.R. § 404.1520(a). At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since June 1, 2017, Plaintiff's alleged disability onset date. (Tr. 16).

At step two, the ALJ determined Plaintiff had the following medically determinable and severe impairments: a history of morbid obesity, status-post gastric bypass surgery, and small fiber neuropathy. (Tr. 16). However, the ALJ found that Plaintiff's diagnosis of fibromyalgia was not a medically determinable impairment, and that Plaintiff's chronic fatigue syndrome was a medically determinable but non-severe impairment. (Tr. 16).

At step three, the ALJ concluded that none of Plaintiff's impairments, nor any combination of impairments, met or equaled one of the conditions in the Listing of Impairments at 20 C.F.R. Pt. 404, Subpt. P, App. 1. (Tr. 18).

Before proceeding to step four, the ALJ determined Plaintiff's residual functional capacity ("RFC"). Specifically, the ALJ found that Plaintiff had the RFC to perform a reduced range of light work, as defined in 20 C.F.R. § 404.1567(b). The ALJ noted that Plaintiff had limited ability to perform certain tasks such as balancing, climbing, stooping, crawling, working at unprotected heights, operating dangerous machinery, or handling and fingering with the upper extremities. (Tr. 19).

At step four, the ALJ determined that, given her RFC, Plaintiff could perform her past relevant work as a customer service representative, a customer service representative, administrative clerk, a shipping order clerk, and a customer service manager. (Tr. 23).

Despite determining that Plaintiff could perform her past relevant work, the ALJ proceeded to step five. At step five, the ALJ found that a significant number of jobs that Plaintiff can perform existed in the national economy. (Tr. 23). The ALJ thus found that Plaintiff was not disabled within the meaning of the Act from June 1, 2017, Plaintiff's alleged disability onset date, through May 25, 2021, the ALJ's decision date. (Tr. 25).

### III. STANDARD OF REVIEW

a. **Substantial Evidence Review**

Section 405(g) of Title 42 of the U.S. Code permits judicial review of the Social Security Commissioner's denial of social security benefits. Review by a federal court is not de novo. Smith v. Schwieker, 795 F.2d 343, 345 (4th Cir. 1986). Rather, inquiry in disability cases is limited to whether the ALJ (1) supported her findings with substantial evidence and (2) applied the correct law. Arakas v. Comm'r, Soc. Sec. Admin., 983 F.3d 83, 94 (4th Cir. 2020).

Substantial evidence "consists of more than a mere scintilla of evidence but may be less than a preponderance." Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012) (quoting Smith v. Chater, 99 F.3d 635, 638 (4th Cir. 1996)). In other words, substantial evidence is enough relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). However, "[i]n reviewing for substantial evidence, we do not undertake to re-weigh conflicting evidence, make credibility determinations, or substitute our judgement for that of the Secretary." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) (citing Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990)). Rather, "[w]here conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the Secretary (or the Secretary's designate, the ALJ)." Craig, 76 F.3d at 589 (quoting Walker v. Bowen, 834 F.2d 635, 640 (7th Cir. 1987)). The Fourth Circuit has explained substantial evidence review as follows:

> the district court reviews the record to ensure that the ALJ's factual findings are supported by substantial evidence and that its legal findings are free of error. If the reviewing court decides that the ALJ's decision is not supported by substantial evidence, it may affirm, modify, or reverse the ALJ's ruling with or without remanding the cause for a rehearing. A necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling. The record should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence.

> If the reviewing court has no way of evaluating the basis for the ALJ's decision, then the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.

Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013) (internal citations and quotations omitted).

An ALJ must also apply the correct law. A factual finding by the ALJ is only binding if the finding was reached by a proper standard or application of the law. See Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987) (citing Myers v. Califano, 611 F.2d 980, 982 (4th Cir. 1980); Williams v. Ribbicoff, 323 F.2d 231, 232 (5th Cir. 1963); Tyler v. Weinberger, 409 F. Supp. 776, 785 (E.D. Va. 1976)).

### b. Sequential Evaluation

The Social Security Administration uses a five-step sequential review process to determine whether an individual is disabled. 20 C.F.R. §§ 404.1520(a) and 416.920(a). An ALJ evaluates a disability claim as follows:

a. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings;

b. An individual who does not have a "severe impairment" will not be found to be disabled;

c. If an individual is not working and is suffering from a severe impairment that meets the durational requirement and that "meets or equals a listed impairment in Appendix 1" of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors;

d. If, upon determining residual functional capacity (RFC), the Commissioner finds that an individual is capable of performing work he or she has done in the past, a finding of "not disabled" must be made;

e. If an individual's residual functional capacity precludes the performance of past work, other factors including age, education, and past work experience must be considered to determine if other work can be performed.

20 C.F.R. § 416.920(a)-(f). The burden of proof and production during the first four steps of the inquiry rests on the claimant. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995). At the fifth step, the burden shifts to the Commissioner to show that other work exists in the national economy that the claimant can perform. Id.

### c. Residual Functional Capacity (RFC)

RFC is an "assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. A 'regular and continuing basis means 8 hours a day, for 5 days a week, or an equivalent work schedule." Social Security Ruling ("SSR") 96-8p. RFC "does not represent the least an individual can do despite his or her limitations or restrictions, but the most." Id. RFC is the most someone can do despite their mental and physical limitations. 20 C.F.R. § 404.1545(a)(1). To determine RFC, the adjudicator is instructed to base the assessment on "all of the relevant medical and other evidence." 20 C.F.R § 404.1545(a)(3).

The ALJ must support each conclusion with evidence. SSR 96-8p requires the following:

> The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations). In assessing RFC, the adjudicator must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (i.e., 8 hours a day, for 5 days a week, or an equivalent work schedule, and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record. The adjudicator must also explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved.

In other words, "the ALJ must both identify evidence that supports his conclusion and 'build an accurate and logical bridge from [that] evidence to his conclusion.'" Woods v. Berryhill, 888 F.3d 686, 694 (4th Cir. 2018) (quoting Mascio v. Colvin, 780 F.3d 632, 694 (4th Cir. 2015) (quoting Monroe, 826 F.3d at 189 (quoting Clifford v. Apfel, 227 F.3d 863, 872 (7th Cir. 2000))). In formulating the RFC, the ALJ may not just pick and choose from the evidence but must consider it in its entirety. Kirby v. Astrue, 731 F. Supp. 2d 453, 456 (E.D.N.C. 2010).

## IV. FINDINGS AND CONCLUSIONS

Plaintiff alleges two errors: (1) the ALJ's evaluation of Plaintiff's fibromyalgia is not support by substantial evidence; and (2) the ALJ's evaluation of Plaintiff's chronic fatigue syndrome is not supported by substantial evidence. The Court has read the transcript of Plaintiff's administrative hearing, closely read the decision of the ALJ, and reviewed the relevant exhibits contained in the extensive administrative record. The issue is not whether the Court might have reached a different conclusion had it been presented with the same testimony and evidentiary materials, but whether the decision of the ALJ is supported by substantial evidence. For the following reasons, the Court finds that the ALJ's decision is not supported by substantial evidence.

### a. The ALJ did not sufficiently explain their determination that Plaintiff's fibromyalgia is not a medically determinable impairment.

The ALJ failed to meaningfully explain their determination that Plaintiff's fibromyalgia is not a medically determinable impairment, when evaluating Plaintiff's RFC. Determining a claimant's RFC, an ALJ must follow a two-step process set forth in 20 C.F.R. § 404.1529 and SSR 16-3p. Bryson v. Berryhill, 2021 WL 2517682 (W.D.N.C. June 18, 2021), citing Arakas, 983 F.3d at 95. First, the ALJ must evaluate a claimant's symptoms and "determine whether

objective medical evidence presents a 'medically determinable impairment' that could reasonably be expected to produce the claimant's alleged symptoms." Id. Second, the ALJ must assess the intensity and persistence of symptoms stemming from the claimant's identified impairments and determine if the impairments affect the claimant's ability to work. Id.

The ALJ's explanation at step one is incomplete. The ALJ determined that Plaintiff's fibromyalgia could not reasonably be expected to cause Plaintiff's symptoms, and therefore is not a medically determinable impairment. The ALJ explained their determination in a sparse three sentences, as follows:

> The record indicates that the claimant has been diagnosed with fibromyalgia (Exhibit 6F). The evidence of record indicates that the claimant has been diagnosed with fibromyalgia. [sic] However, the record does not establish documentation of the signs, findings, and evidence that other possible contributors to the claimant's symptoms were excluded that are necessary pursuant to SSR 12-p to find fibromyalgia to be a medically determinable severe impairment.

(Tr. 16). However, there is evidence in the record that contradicts the final sentence of the ALJ's analysis and suggests that other possible contributors to the claimant's symptoms were, in fact, excluded. As Plaintiff's brief notes, one of Plaintiff's doctors ran myriad tests, including blood work, neuropsychological assessments, and exercise stress tests, to rule out other causes for Plaintiff's symptoms. (Tr. 619–25, 885–87).

The ALJ did not explain how, if at all, this evidence was considered. It is not the Court's role to re-weigh evidence, but it is the Court's role to ensure that the evidence was considered it in its entirety. Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). The Fourth Circuit has held that although "an ALJ is not required to set forth a detailed factor-by-factor analysis in order to discount a medical opinion from a treating physician, it must nonetheless be apparent from the ALJ's decision that he meaningfully considered each of the factors before deciding how much weight to give the opinion." Dowling v. Comm'r of SSA, 986 F.3d. 337, 385 (4th Cir. 2021). In

formulating the RFC, the ALJ may not just pick and choose from the evidence but must consider it in its entirety. Kirby v. Astrue, 731 F. Supp. 2d 453, 456 (E.D.N.C. 2010).

The ALJ does not discuss the tests run by Plaintiff's doctor and the Court is "left to guess" about how the ALJ considered this evidence, if at all. Mascio, 780 F.3d at 637. Without discussion of this evidence, the determination that Plaintiff's fibromyalgia is not a medically determinable impairment is not sufficiently explained, and consequently the ALJ's RFC evaluation is deficient as well. The ALJ's lack of explanation here requires remand.

### b. The ALJ sufficiently explained their determination that Plaintiff's Chronic Fatigue Syndrome is a non-severe impairment.

While, the ALJ's evaluation of Plaintiff's fibromyalgia was not support by substantial evidence, the ALJ's evaluation of Plaintiff's chronic fatigue syndrome is sufficiently supported by evidence.

The ALJ determined Plaintiff's chronic fatigue syndrome was a non-severe impairment. (Tr. 16). The ALJ's justified their determination as follows:

> The record indicates that the claimant has been diagnosed or observed with myalgic encephalopathy/chronic fatigue syndrome [….] However, the evidence of record does not indicate that any of the aforementioned conditions persisted at a level that caused more than minimal functional limitations for a time-period sufficient for a finding of severity [….] The claimant has reported issues with fatigue. However, the claimant's treatment records indicate that she has routinely displayed alertness (Exhibits 7F, 8F, 9F, 13F, 14F, 15F, 18F, 20F, 21F, 22F, 24F, 28F, 29F, 30F, 32F, 35F, 37F, 38F, 39F, and 41F). Therefore, even if the claimant experiences fatigue, it has not been so impactful that it has caused the claimant to display objective outward signs during her treatment regularly. Thus, such issues require no additional accommodation in the residual functional capacity assessment.

(Tr. 16–21). Plaintiff asserts that this analysis in flawed because the ALJ did not explicitly discuss the laboratory findings that support Plaintiff's diagnosis of chronic fatigue syndrome. The ALJ acknowledged – just as the laboratory findings did – that Plaintiff has been impaired by

her chronic fatigue syndrome, when the ALJ noted "the claimant experiences fatigue" and mentioned "the claimant's treatment records." (Tr. 21). However, the ALJ weighted Plaintiff's "displayed alertness" as a demonstration that Plaintiff's chronic fatigue syndrome did not cause "more than minimal functional limitations." Id. Therefore, the ALJ properly considered the evidence regarding Plaintiff's chronic fatigue syndrome in its entirety, and it is not the Court's role to re-weigh that evidence. Craig, 76 F.3d at 589. Accordingly, remand is not required on this issue.

## V. CONCLUSION

In sum, the Court agrees with Plaintiff that the ALJ erred by failing to adequately explain their evaluation of Plaintiff's fibromyalgia. Thus, this matter is remanded for further administrative proceedings consistent with this Order.

Having thoroughly reviewed the ALJ's decision, the record, and the parties' motions and briefs, the Court enters the following Order.

## ORDER

**IT IS, THEREFORE, ORDERED** that for the reasons set forth above, Plaintiff's Motion for Summary Judgment (Doc. No. 10) is **GRANTED**, Defendant's Motion for Summary Judgment (Doc. No. 15) is **DENIED**, and this matter is **REVERSED** and **REMANDED** to the Commissioner for further administrative proceedings consistent with this Order.

Signed: March 28, 2023

Max O. Cogburn Jr
United States District Judge